Opinion of the Court.
THIS is an appeal, taken by the plaintiff in the circuit court, from a judgment for the defendant in an action of debt.
The errors assigned question the correctness of the «pinions of the circuit court, in admitting to be read as evidence two depositions taken by the defendant, and in refusing to grant a new trial on motion of the plaintiff; to both of which opinions the plaintiff ex *78 cepted. On the latter point, we hare no hesitation in saying, that the decision of the circuit court was correct. The evidence, even exclusive of the depositions which were objected to, is, in our opinion, amply sufficient to sustain the verdict for the defendant, and to justify the circuit court in refusing to grant a new trial. But we cannot accord with that court in the propriety of admitting the depositions. Several grounds were assumed in support of the-objection to the depositions. None of these, however, are in our opinion tenable, except one, which is, that the interrogatories put to the witness are all leading ones. The circuit court overruled this ground of objection; because, in its opinion, the interrogatories were not fully of that character, and because the objection ought to have been made before the commissioners who took the deposition.
But most clearly, the circuit court was mistaken in supposing that the interrogatories were not of the character denominated leading. The depositions consist entirely of interrogatories and answers; and the uniform style of the interrogatories is, “Did'you not see this?” or, “Didyou not hear that?” precisely the style of the examples given by writers upon the subject of leading interrogatories. 4 Tuck. Black. 449.
It is equally clear too, we think, that the circuit court was mistaken in supposing that the objection ought to have been made before the commissioners who took the depositions. The office of the commissioners was merely ministerial and not judicial. They had authority to take the depositions, hut not to decide on their validity; and it would be obviously absurd to require the objection to be made where it could not he decided. Besides, the rule is, that a deposition taken upon such interrogatories cannot he read; which necessarily implies that the objection must be made when the deposition is offered to be read'..
It is, however, contended, as there was sufficient evidence exclusive of the depositions to, justify the verdict of the jury, that the error of the court in admitting the depositions to be read, could not have prejudiced the plaintiff, and that it ought to be disregarded This, would, no doubt, have been correct, if the evidence exelusivé of the depositions had been of a nature to conclude the plaintiff from controverting it, or if the *79 objection to the admission of the depositions had beeh made only upon the motion for a new trial. But the • evidence exclusive of the depositions was not conclusive upon the plaintiff, and amounted only to that which is denominated probable, the weight of which belonged exclusively to the jury to determine; and this point was made, not on the motion for a new trial, but by an exception taken to the opinion of the court when the depositions were read. We cannot, therefore, say that the error in admitting the depositions was not to the prejudice of the plaintiff, or that this court ought to disregard it on the g'round of its not being made at the proper time.
The judgment must be reversed with costs, and the cause be remanded for new proceedings to be had not inconsistent with this opinion.